UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\------------------------------------------------------------x

**DAVID FARKAS;**
*Plaintiff,*

-v-

**CENTRAL CREDIT SERVICES INC.;**
*Defendant,*

\------------------------------------------------------------x

2012 OCT 31  PM 4: 29

Case No. _____

JUDGE SEIBEL

TRIAL BY JURY DEMANDED

## VERIFIED COMPLAINT PURSUANT TO THE FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. § 1681 *et seq.*

### JURISDICTION

1.  This court possesses jurisdiction under 15 U.S.C. § 1681p; 15 U.S.C. § 1691(A); 28 U.S.C. § 1331; *et seq.*

2.  All conditions precedent to the bringing of this action have been performed.

### PARTIES

3.  The Plaintiff in this lawsuit is David Farkas, (hereinafter "Plaintiff"), a natural individual who resides in the State of New York, in the County of Orange, and is a consumer as defined by FCRA 15 U.S.C. § 1681a(c).

4.  The Defendant in this lawsuit is CENTRAL CREDIT SERVICES INC. (hereinafter "Defendant") an entity with its principle place of business located at 9550 Regency Square Blvd. Suite 500, Jacksonville, FL 32225 and is a furnisher of consumer information to consumer reporting agencies 15 U.S.C. § 1681s-2.

### VENUE

5.  The occurrences which give rise to this action occurred in Orange County, New York and Plaintiff resides in Orange County, New York.

1

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

7. Plaintiff obtained his consumer credit report from the credit reporting agencies and found entries by entities that were unfamiliar to him within the report.

8. Congress enacted the FCRA in part to stringently protect consumer privacy interests from unwarranted and illegal intrusions.

9. Plaintiff found after examination of his Experian credit report that Defendant had obtained the Plaintiff's Experian credit report three times on the following dates: February 6, 2012, February 17, 2012, and again on March 14, 2012 (See copies attached hereto as Exhibit A).

10. At no time has the Plaintiff personally granted to Defendant the right to acquire his credit report from any credit reporting agency.

11. On February 15, 2012, Plaintiff mailed a letter to the Defendant and requested a general or specific certification as to what permissible purpose they may have had, and also informed them that Plaintiff never incurred any financial obligation with them, and demanded that the inquiries on Plaintiff's credit report to be removed (See a copy attached hereto as Exhibit B).

12. Upon Plaintiff's request for proof, and deletion, The Defendant failed to respond with any evidence that they may have had permissible purpose to obtain the Plaintiff's consumer credit report.

13. On March 30, 2012, Plaintiff mailed a dispute letter to Experian and informed them that Plaintiff never gave permission for the Defendant to obtain his credit report and requested that Experian verify with a general or specific certification that authorized the Defendant to obtain Plaintiff's credit report and what permissible purpose they may have had, and remove the erroneous inquiries from his credit file (See a copy attached hereto as Exhibit C).

14. Experian failed to respond with a general or specific certification as to what permissible purpose the Defendant may have had when they obtained the Plaintiff's consumer credit report.

15. On August 14, 2012 Plaintiff mailed a Notice of Pending Lawsuit to Defendant via U.S. Certified Mail Receipt # 7011 2970 0003 5227 7357 in an effort to mitigate damages and reach a settlement outside of court (See a copy attached hereto as Exhibit D).

16. Defendant failed to respond to Plaintiff's Notice therefore Plaintiff had no choice but to seek damages in this honorable court.

17. Discovery of violation brought forth herein is still within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p(1).

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE
## BY DEFENDANT CENTRAL CREDIT SERVICES INC.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

20. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

21. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

22. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

23. The Plaintiff never had any signed contracts, business dealings, or any accounts with, made application for credit from, made application for employment with, applied for insurance from,

3

or received a bona fide offer of credit from the Defendant that may have given them a permissible purpose to obtain the Plaintiff's credit reports as defined by the FCRA.

24. On February 6, 2012 Defendant obtained the Experian consumer credit report for the Plaintiff without a permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

25. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty under 15 U.S.C. § 1681s2(b) to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

26. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to do so, Defendant obtained Plaintiff's consumer credit report.

27. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines.

28. Without a permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and reckless action rendering them liable for actual, statutory, and even punitive damages an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n(a).

**COUNT II**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)**
**15 U.S.C. §1681 WILLFUL NON-COMPLIANCE**
**BY DEFENDANT CENTRAL CREDIT SERVICES INC.**

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

31. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

32. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

33. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

34. The Plaintiff never had any signed contracts, business dealings, or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant that may have given them a permissible purpose to obtain the Plaintiff's credit reports as defined by the FCRA.

35. On February 17, 2012 Defendant obtained the Experian consumer credit report for the Plaintiff without a permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

36. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty under 15 U.S.C. § 1681s2(b) to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

37. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to do so, Defendant obtained Plaintiff's consumer credit report.

38. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines.

39. Without a permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and reckless action rendering them liable for actual, statutory, and even punitive damages an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n(a).

### COUNT III
### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
### 15 U.S.C. §1681 WILLFUL NON-COMPLIANCE
### BY DEFENDANT CENTRAL CREDIT SERVICES INC.

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

42. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

43. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

44. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

45. The Plaintiff never had any signed contracts, business dealings, or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant that may have given them a permissible purpose to obtain the Plaintiff's credit reports as defined by the FCRA.

46. On March 14, 2012 Defendant obtained the Experian consumer credit report for the Plaintiff without a permissible purpose in violation of FCRA, 15 U.S.C. § 1681b.

47. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty under 15 U.S.C. § 1681s2(b) to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

48. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to

6

do so, Defendant obtained Plaintiff's consumer credit report.

49. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines.

50. Without a permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and reckless action rendering them liable for actual, statutory, and even punitive damages an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n(a).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be awarded in his favor and against Defendant as follows:

1. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(b);
2. Attorney's fees, Other fees and costs pursuant to 15 U.S.C. § 1681n(a)(3);
3. That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury sufficient to prevent these actions herein from occurring again pursuant to 15 U.S.C. § 1681n(a)(2); and,
4. That Plaintiff recover such other an further relief as is just and proper.

Plaintiff reserves the right to amend complaint if the Defendant continues to violate sections of the Fair Credit Reporting Act after the date of the filing of this complaint.

## DEMAND FOR TRIAL BY JURY ON ALL COUNTS

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: October 16,  2012

Respectfully Submitted,

By: _____

David Farkas
PO Box 54
Monroe, NY 10949
ibzp12@gmail.com

## CERTIFICATION & AFFIRMATION OF SERVICE

I David Farkas hereby certify and declare under penalty of perjury that a true and correct copy of the above and foregoing Complaint was mailed on October        , 2012, thru the U.S. Mail to the parties listed below.

CENTRAL CREDIT SERVICES INC.
9550 Regency Square Blvd. Suite 500
Jacksonville, FL 32225
Certified Receipt #  7011 2000 0000 9436 7392

Dated: October        , 2012

By: _____

David Farkas

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK    )
                              ) ss
COUNTY OF ORANGE    )

Plaintiff, David Farkas, hereby declares under the penalty of perjury that the foregoing is true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the foregoing Verified Complaint and I believe that all of the facts contained therein are true to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded, cognizable in facts and warranted by existing law or by good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause them unnecessary delay, or to create a needless increase in their cost of litigation to any Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, David Farkas, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: October 16,  2012

By: _____
David Farkas

**EXHIBIT A**



## Online Personal Credit Report from Experian for

Experian credit report prepared for
**DAVID FARKAS**
Your report number is
**1670-0724-74**
Report date:

Index:
- Contact us
- Potentially negative items
- Accounts in good standing
- Requests for your credit history
- Personal information
- Important message from Experian
- Know your rights

Print report

Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as "Medical Information Provider." Consumer statements included on your report at your request that contain medical information are disclosed to others.

To return to your report in the near future, log on to www.experian.com/consumer and select "View your report again" or "Dispute" and then enter your report number.

If you disagree with information in this report, return to the Report Summary page and follow the instructions for disputing.

## Contact us
back to top

Need to view your report again or dispute information? Access your report online at www.experian.com/viewreport.
You may also contact us by mail at:
NCAC
P.O. Box 9701
Allen, TX 75013

Or, by phone at:
1 800 493 1058
Monday through Friday, 9 am to 5 pm in your time zone.

## Potentially Negative Items or items for further review
back to top

This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies and unpaid tax liens, which may remain for up to 10 years. A paid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

| Payment history legend | | |
| --- | --- | --- |
| OK  Current/Terms of agreement met | VS | Voluntarily surrendered |
| 30  Account 30 days past due | R. | Repossession |
| 60  Account 60 days past due | PBC | Paid by creditor |

## SWISS COLONY /STONEBERRY

Address:
1112 7TH AVE
MONROE WI 53566
*No phone number available*

Date of Request:
02/17/2012

## TRANSUNION INTERACTIVE

Address:
100 CROSS ST STE 202
SAN LUIS OBISPO CA 93401
*No phone number available*

Date of Request:
02/13/2012

## CENTRAL CREDIT SERVICES INC

Address:
9550 REGENCY SQUARE BLVD #500
JACKSONVILLE FL 32225
*No phone number available*

Date of Request:
02/06/2012

## COLLECTION COMPANY OF AMERICA

Address:
700 LONGWATER DR
NORWELL MA 02061
*No phone number available*

Date of Request:
01/18/2012

## RJM ACQUISITIONS LLC

Address:
575 UNDERHILL BLVD STE 224
SYOSSET NY 11791
(800) 650-8784

Date of Request:
01/06/2012, 12/27/2011

## RJM ACQUISITIONS LLC

Address:

*No phone number available*

Date of Request:
12/27/2011

## CREDCO/AFFINION GROUP PR

Address:
12395 FIRST AMERICAN WAY

Date of Request:
12/21/2011

Comments:
Unspecified. This inquiry is scheduled to continue on record until May 2014.


## CITIBANK

Address:                                                    Date of Request:
PO BOX 6142                                                 03/30/2012
SIOUX FALLS SD 57117
*No phone number available*
Address Identification Number:
0428526572
Comments:
Unspecified. This inquiry is scheduled to continue on record until Apr 2014.


## COHEN & SLAMOWITZ LLP

Address:                                                    Date of Request:
199 CROSSWAYS PARK DR                                       03/16/2012
WOODBURY NY 11797
*No phone number available*
Address Identification Number:
0020848468
Comments:
Collection purpose. This inquiry is scheduled to continue on record until Apr 2014.


## CENTRAL CREDIT SERVICES

Address:                                                    Date of Request:
9550 REGENCY SQUARE BLVD #500                              03/14/2012
JACKSONVILLE FL 32225
*No phone number available*
Address Identification Number:
0020833250
Comments:


## CENTRAL CREDIT SERVICES

Address:                                                    Date of Request:
9550 REGENCY SQUARE BLVD #500                              02/17/2012
JACKSONVILLE FL 32225
*No phone number available*
Address Identification Number:
0020833250
Comments:


## RBS CITIZENS NA

Address:
1111 POLARIS PKWY # 54101-3L
COLUMBUS OH 43240
*No phone number available*

Date of Request:
11/24/2010

## CAP ONE

Address:
PO BOX 30281
SALT LAKE CITY UT 84130
*No phone number available*

Date of Request:
09/09/2010

## PRAXIS FINANCIAL SOLUTIO

Address:
7301 N LINCOLN AVE STE 220
LINCOLNWOOD IL 60712
*No phone number available*

Date of Request:
07/06/2010

## Personal Information                                                                    back to top

The following information is reported to us by you, your creditors and other sources. Each source may report your personal info differently, which may result in variations of your name, address, Social Security number, etc. As part of our fraud prevention efforts, a notice with additional information may appear. As a security precaution, we did not list the Social Security number that you provided when you contacted us. If any Social Security number variations were reported to us, only the last four digits of each are displayed. Numbers that appear here vary from the number you used to generate this report. Actual differences in these numbers may be part of the displayed portion or part of the hidden portion. The names are listed in no particular order and may include variations of your legal name. The Name Identification number is how our system identifies the names associated with respective accounts on your credit report. These addresses are listed in no particular order and may include previous addresses where you received mail. The Address identification number is how our system identifies the address. The Geographical Code shown with each address identifies the state, county, census tract, block group and Metropolitan Statistical Area associated with each address.

Names:

DAVID FARKAS

Name identification number:

DAVID FARKASH

Name identification number:

DAVID F FARKAS

Name identification number:

Social Security number variations:

Address:

Address identification number:

Type of Residence: Single family

Geographical Code:0-1210120-87-5600

Address:

Address identification number:

Type of Residence: Single family

Geographical Code:0-1150140-87-5600

Address:
MONROE, NY

# EXHIBIT B

February 15, 2012

From:
David Farkas
PO Box 54
Monroe, NY 10949-0054

To:
Central Credit Services, Inc.
9550 Regency Square Blvd. Suite 500
Jacksonville, FL 32225

Dear Jeff Smith,

This letter is not a refusal to pay, but a notice sent pursuant to the **Fair Credit Reporting Act 15 U.S.C. §1681**, that your claim is disputed and validation is requested.

This is not a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

- What the money you say I owe is for.

- Explain and show me how you specifically calculated the entire amount of what you say I owe.

- Provide me with copies of any and all papers that show I agreed to pay what you say I owe to include **original signatures**.

- Identify the ORIGINAL creditor.

- A general or specific certification as to what permissible purpose you may have had in obtaining my credit report.

If your offices are able to provide the proper documentation as requested, I will require at least 30 days after receipt to investigate this information and during such time all collection activity must cease and desist.

If your offices fail to respond to this validation request within 10 days from the date of your receipt, all references to this account must be deleted and completely

removed from my credit report files and a copy of such deletion request shall be sent to me immediately.

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

It would be advisable that you assure that your records are in order before I am forced to take legal action. This is an attempt to correct your records; any information obtained shall be used for that purpose.


Dated: February 15, 2012

                              Respectfully submitted,



By:_____

                              David Farkas, authorized representative


Sent by Certified Mail # 7011 2970 0002 6272 2220

From:
David Farkas
P.O. Box 54
Monroe, NY  10949-0054

March 30, 2012

**EXHIBIT C**

To:
Experian
Attn: Legal Department
P.O. Box 9701
Allen, TX  75013

RE: David Farkas / xxx-00-xxxx / 0x/xx/xxx0

To Whom It May Concern:

According to the Fair Credit Reporting Act YOU ARE REQUIRED TO HAVE VERIFIABLE PROOF of any account you list on my credit report, otherwise anyone with the ability to report to you could fax or email in a fraudulent account. I demand to see what proof you have of the below listed accounts which are unverifiable. Your failure to verify has hurt my ability to obtain credit. I demand that they be removed immediately!

I am officially disputing the following entries on my report for the aforementioned reason:

MAIN STREET ACQUISITION CO
Account Number: 543339000473****
MIDLAND CREDIT MANAGEMENT
Account Number: 853061****

I did not authorize the following inquiries on my credit report. I believe that they were obtained fraudulently. Please remove them.

CAVALRY PORTFOLIO SERVICES, LLC
RJM ACQUISITIONS FUNDING, LLC
CREDITORS FINANCIAL
CLIENT SERVICES INC
RJM ACQUISITIONS FUNDING, LLC
CENTRAL CREDIT SERVICES INC.
CREDITORS FINANCIAL
WEBBANK/DELL FINANCIAL SERVICES
PRESSLER & PRESSLER
CAVALRY PORTFOLIO SERVICES, LLC
CENTRAL CREDIT SERVICES INC.
RJM ACQUISITIONS FUNDING
BANK OF AMERICA
RJM ACQUISITIONS FUNDING, LLC
RJM ACQUISITIONS FUNDING, LLC
ENHANCED RECOVERY CO LLC

RJM ACQUISITIONS FUNDING, LLC
CENTRAL PORTFOLIO CONTRO
CENTRAL CREDIT SERVICES INC.
RJM ACQUISITIONS FUNDING, LLC
VERIZON COMMUNICATION E
RJM ACQUISITIONS FUNDING, LLC
CAVALRY PORTFOLIO SERVICES, LLC
REDLINE RECOVERY SERVICE
RJM ACQUISITIONS FUNDING, LLC

I am hereby requesting that the following actions be taken to verify these entries as to what permissible purpose they may have had to obtain my credit report that were allowed by your agency:

- *I would like to see verified proof of the consumer contract with my signature on it between me and the disputed company or a power of attorney or assignment contract between the disputed company and the principal creditor.*
- *I would like to see the agency notice to the above users and/or furnishers of information provided by your establishment informing them of their responsibility to provide accurate and valid information*

According to **§ 609. Disclosures to consumers [15 U.S.C. 1681g]** you have an obligation to provide the requested verification of any and all accounts you posted on your report.

Failure to perform the above obligation will result in action pursuant to
**§ 616. Civil liability for willful noncompliance**
**§ 617. Civil liability for negligent noncompliance**

These request(s) are being made as a result to an injury of damage to my reputation for credit worthiness and this is prohibited by the **FCRA § 609.**

I would appreciate all actions to rectify this situation to be made within (30) days, which is stated in **§611. Procedure in case of disputed accuracy [15 U.S.C. 1681i] (a)(1)(A)(5).**

Please provide me with a description of the reinvestigation procedure for all items. Please provide me with the source of information for all items. Please send me all information in my consumer file. Please send me an updated copy of my credit report. Thank you for your cooperation in advance.

Sincerely,

David Farkas
SS:    xx1-00-xxxx
DOB: 0x/00/0008

P.S.  Please find enclosed a copy of my Drivers License to verify identity.

From:                                                    August 14, 2012
David Farkas
PO Box 54
Monroe, NY 10949

To:                                                      **EXHIBIT D**
**CENTRAL CREDIT SERVICES INC.**
**9550 Regency Square Blvd. Suite 500**
**Jacksonville, FL 32225**

## NOTICE OF PENDING LAWSUIT

To whom it may concern:

This is being sent prior to filing lawsuit as an opportunity to amicably cure **CENTRAL CREDIT SERVICES INC.'s** violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681.

I am willing to settle these matters amicably without having to file suit and am giving you Ten days from receipt of this letter to take the opportunity to do so. If **CENTRAL CREDIT SERVICES INC.** chooses not to settle the matters at hand then I will have no choice but to file suit and seek my remedy in a court of law.

Please inform me of your intentions immediately. If I do not hear from you, I assure you that I will follow through with the actions listed above. Your refusal to respond will be taken as a tacit admission that you are in violation of the law and wish these issues to be adjudicated in Federal court. I will entertain your settlement agreement. Barring lack of response from you in this matter we will proceed to the Federal Court to resolve it. Don't make the mistake of ignoring this. The ball is in your court. Consider yourselves warned!

I can be reached directly at via email at: ibzp12@gmail.com

Respectfully Submitted,

By: _____
      David Farkas

P.S. Please see an attach copy of the complaint as it will be filed on 8/31/2012