UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

**DAVID FARKAS;**
    *Plaintiff,*

                                          **Case No. 7:12-cv-08018-CS**

-v-

**CENTRAL CREDIT SERVICES INC.;**
    *Defendant,*                                   TRIAL BY JURY DEMANDED
-----------------------------------------------------------x

## PLAINTIFF'S REPLY TO DEFENDANT'S AFFIRMATIVE DEFENSES & DEFENDANT'S REQUEST FOR MOTION TO DISMISS

Plaintiff David Farkas replies to affirmative defenses filed by Defendant CENTRAL CREDIT SERVICES INC. and states with regard to each:

1. Plaintiff denies first affirmative defense. In paragraphs 24, 35, 46, of the Complaint, Plaintiff states the actions of Defendant which violated The Fair Credit Reporting Act.

2. Plaintiff denies second affirmative defense. Plaintiff submitted in Exhibits A,B,C, and D, in the Complaint which show "clearly violations" of The Fair Credit Reporting Act.

3. The evidence submitted in support of Defendants answer should not to be considered by the court because it is not properly authenticated, it is hearsay, and refers to facts not in evidence before the court.

4. The court should strike the affidavit that the Defendant is relying upon because, it is a defective affidavit and nothing was included in the Defendant's answer.

5. There is no documentation whatsoever annexed to the affidavit or to the Defendant's answer to evidence any contract or any other visible evidence of any alleged "account" with Plaintiff.

6. Defendant states in their answer they rely solely on an affidavit provided by Paul Whitson for where the affidavit annexed to the answer is from Paul Whitson.

7. There are no documents purporting to evidence a transfer of ownership of the alleged "account" to Defendant or any documentation showing the actual existence of any alleged "account" from RBS Card Services or any other entity alleged to be in the chain of ownership.

8. The affidavit filed by the Defendant's refers to transactions involving transfer of ownership of the alleged "account" where there is no verified evidence of such that has been made a part of the record or entered into evidence as Exhibits.

9. There is no statement made in the affidavit as to what type of alleged "account" (ie. demand deposit, asset, credit, etc) the Defendant's are referring to as being acquired by which <u>could</u> give them any permissible purpose to pull the credit report of the Plaintiff <u>even if such "account"</u> existed which has not been established through evidence before the court.

10. There is no verified evidence **in any form** that has been entered into the court record showing any account numbers, amounts alleged to be due, date of origination of the alleged "account", current status, or dates and terms of transfer of ownership of the alleged "account".

11. Other than simple generic and non-specific statements in an affidavit made by a Vice Prezident who works for the Defendant there is no evidence in any form of any "account" of Plaintiff existing that would allow any permissible purpose for the defendants to obtain the credit report of the Plaintiff under the FCRA.

12. At no time in the affidavit of Paul Whitson did he state the dates of his employment by or to be able to testify to first hand information regarding origination, books and records, or transfer of ownership of the alleged account.

13. The affidavit refers to facts not in evidence before the court.

14. The affidavit has not been authenticated before the court and appears to be hearsay.

15. Plaintiff would be entitled to attorney's fees if an attorney were obtained at any point during this lawsuit.

16. The Plaintiff asks the court to deny Defendant's request dated December 27, 2012, for motion to dismiss and states as follows.

17. To date Defendant has furnished no documented proof that such an account existed that could possibly provide any legitimate claim for the Defendant to have a reason to collect.

18. Defendant has not shown through any evidence on the court record that there was any possible legitimate business need or purpose that would allow them to obtain the Plaintiffs credit report under the FCRA at any time.

19. Defendant claims permissible purpose pursuant to 15 U.S.C. § 1681b(a)(3)(A) and states that this "would permit a collection agency retained by a creditor to collect on an account from the consumer".

20. There is no fact in evidence before the court or in the Plaintiff's possession which would support any such claim by the Defendant, nor has the Defendant ever attempted to provide any evidence of such when requested to do so by Plaintiff (See Exhibits B, D,).

21. The allegations brought forth by Plaintiff of violation of the FCRA are based upon Defendant's lack of any evidence on the record that could even remotely indicate a permissible purpose to obtain Plaintiff's credit report.

22. The letter that Plaintiff mailed to the Defendant on February 15, 2012 (Exhibit B) specifically requested for the certification as to what permissible purpose the Defendant had when they obtained Plaintiff's credit report and no response from Defendant was ever received. This is a clear admission by the Defendant that CENTRAL CREDIT SERVICES INC. had no permissible purpose.

23. The claim by the Defendant CENTRAL CREDIT SERVICES INC. that it had permissible purpose to obtain the Plaintiff's credit report under FCRA 1681b(a)(3)(A), is a false statement BY THE MERE FACT THAT DEFENDANT HAD NOT DENIED OR PRESENTED ANY FACTUAL EVIDENCE TO THE CONTRARY IN RESPONSE TO PLAINTIFF'S ASSERTION THAT NO "ACCOUNT" exists or existed with any entity for which Defendant could claim a permissible purpose in obtaining Plaintiff's credit report.

## STANDARD OF REVIEW

24. Federal Rule of Civil Procedure 8(aX2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief', in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson,355 U.S. 41, 47 (1957). "A complaint attacked by a Rule 12b(6) motion to dismiss does not need detailed factual allegations." ld. At 555. "We do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

25. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests." Friends of Lake View School District v. Beebe, 578 F. 3d 753, 762 (8th Cir. 2009).

26. While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented.

27. A Plaintiff satisfies his burden if he alleges facts sufficient to allow a court to infer "more than the mere possibility of misconduct." Ashcroft v. Iqbal, 129 W. Ct. 1937, 1950 (2009).

28. The Defendant has made nothing more than generic statements in regard to alleged permissible purpose in his request without providing any factual information as to when and where any alleged account may have originated.

29. Defendant should not be allowed to make an unsubstantiated claim of the existence of an alleged account and expect the court to dismiss a well pleaded claim against it as a result.

## CONCLUSION

30. Because Plaintiff's factual allegations support a claim on which relief can be granted, and Plaintiff has corrected the procedural error stated in the Defendant's request for 12b(6) motion, the court should deny Defendant's request and retain the case on the Court's docket.

# EXHIBIT A

# 15 U.S.C 1681b. Permissible purposes of consumer reports...

(a) **In general**
Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

**(3) To a person which it has reason to believe—**

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of, the consumer;** or


TITLE 15 > CHAPTER 41 > SUBCHAPTER VI > § 1693a

Definitions

As used in this subchapter—

(2) the term **"account"** means a **demand deposit, savings deposit, or other asset account (other than** an occasional or incidental credit balance in an open end credit plan as defined in section **1602 (i)** of this title,), as described in regulations of the Board, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement; **This seems to describe credit cards and home equity loans....don't you agree?**


TITLE 15 > CHAPTER 41 > SUBCHAPTER I > Part A > § 1602
Prev | Next § 1602. Definitions and rules of construction

15 U.S.C 1602(i) The terms "open end credit plan" and "open end consumer credit plan" mean a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance. A credit plan or open end consumer credit plan which is an open end credit plan or open end consumer credit plan within the meaning of the preceding sentence is an open end credit plan or open end consumer credit plan even if credit information is verified from time to time.

WHEREFORE, because the Defendant has not shown that Plaintiff has failed to state a claim upon which relief may be granted, Plaintiff respectfully requests the Court deny the Defendant's request for Motion to dismiss and allow Plaintiff's claim to move forward to trial on the merits. In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave to amend the complaint and inform him of his deficiencies so that he may proceed properly.

Dated: January 8, 2013
Respectfully Submitted,

By: _____
David Farkas
PO Box 54
Monroe, NY 10949
dvrl2@gmail.com

6

## CERTIFICATION & AFFIRMATION OF SERVICE

I, David Farkas, hereby certify and declare under penalty of perjury that a true and correct copy of the above and foregoing Plaintiff's Reply to Defendant's Affirmative Defenses was mailed on the 8th day of January, in the year of 2013, thru the U.S. Mail to the parties listed below.

**Via Certified Mail Return Receipt # 7012 1010 0003 5809 0171**

**Sergio Alves**
Kaufman Borgeest & Ryan LLP
200 Summit Lake Drive
Valhalla, NY 10595
914-449-1000
Fax: 914-449-1100
Email: salves@kbrlaw.com

Dated: January 8, 2013

Respectfully Submitted,

By: _____
David Farkas

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
    **DAVID FARKAS;**
       *Plaintiff,*

   -v-
                                         **Case No. 7:12-cv-08018-CS**

    **CENTRAL CREDIT SERVICES INC.;**
       *Defendant,*
-------------------------------------------------------x

## JUDICIAL NOTICE

All officers of the Court for the United States District Court, Southern District of New York are hereby placed on notice under authority of the supremacy and equal protection clauses of the United States Constitution and the common law authorities of Hains v. Kerner, 404 U.S. 519, Platsky v. C.I.A. 953 F.2d. 25, and Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000) relying on Willy v. Coastal Corp., 503 U.S. 131, 135 (1992), United States v. International Business Machines Corp., 517 U.S. 843, 856 (1996), quoting Payne v. Tennessee, 501 U.S. 808, 842 (1991) (Souter, J., concurring). Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647, American Red Cross v. Community Blood Center of the Ozarks, 257 F.3d 859 (8th Cir. 07/25/2001).

In re Hains: pro se litigants are held to less stringent pleading standards than BAR registered attorneys. Regardless of the deficiencies in their pleadings, pro se litigants are entitle to the opportunity to submit evidence in support of their claims.

In re Platsky: B. Platsky v. CIA, 953 F.2d 25, 26 28 (2nd Cir. 1991), Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings.

1

In re Anastasoff: pro se litigants constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000).

Brotherhood of Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1; v. Wainwright, 372 U.S. 335; Argersinger v. Hamlin, Sheriff 407 U.S. 425.

Litigants can be assisted by unlicensed laymen during judicial proceedings.

Conley v. Gibson, 355 U.S. 41 at 48 (1957).

"Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice.

Davis v. Wechler, 263 U.S. 22, 24; Stromberb v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449.

"The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice."

Elmore v. McCammon (1986) 640 F. Supp. 905.

"The right to file a lawsuit pro se is one of the most important rights under the constitution and laws."

Haines v. Kerner, 404 U.S. 519 (1972).

"Allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient"... "which we hold to less stringent standards than formal pleadings drafted by lawyers."

Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233.

Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers.

2

Maty v. Grasselli Chemical Co., 303 U.S. 197 (1938).

"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment."

NAACP v. Button, 371 U.S. 415); United Mineworkers of America v. Gibbs, 383 U.S. 715; and Johnson v. Avery, 89 S. Ct. 747 (1969).

Members of groups who are competent nonlawyers can assist other members of the group achieve the goals of the group in court without being charged with "unauthorized practice of law."

Picking v. Pennsylvania Railway, 151 F.2d. 240, Third Circuit Court of Appeals.

The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities."

Puckett v. Cox, 456 F. 2d 233 (1972) (6th Cir. USCA).

It was held that a pro se complaint requires a less stringent reading than one drafted by a lawyer per Justice Black in Conley v. Gibson (see case listed above, Pro Se Rights Section).

Roadway Express v. Pipe, 447 U.S. 752 at 757 (1982).

"Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law."

Sherar v. Cullen, 481 F. 2d 946 (1973).

"There can be no sanction or penalty imposed upon one because of his exercise of Constitutional Rights."

Schware v. Board of Examiners, United State Reports 353 U.S. pages 238, 239.


Sims v. Aherns, 271 SW 720 (1925).

B.Platsky v. CIA, 953 F.2d 25, 26 28 (2nd Cir. 1991), "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings."

3

Statements of counsel, in their briefs or their arguments are not sufficient for a reason to dismiss, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647.

Dated: January 8, 2013

Respectfully Submitted,

By: _____
David Farkas Plaintiff, pro se
PO Box 54
Monroe, NY 10949
ibzpl2@gmail.com

4

## CERTIFICATION & AFFIRMATION OF SERVICE

I, David Farkas, hereby certify and declare under penalty of perjury that a true and correct copy of the above and foregoing of Plaintiff's Judicial Notice was mailed on the 8 day of January, in the year of 2013, via the U.S. Mail to the parties listed below.

**Via Certified Mail Return Receipt # 7012 1010 0003 5809 0171**

**Sergio Alves**
Kaufman Borgeest & Ryan LLP
200 Summit Lake Drive
Valhalla, NY 10595
914-449-1000
Fax: 914-449-1100
Email: salves@kbrlaw.com

Dated: January 8, 2013
Respectfully Submitted,

By: _____
David Farkas Plaintiff, pro se

5